■ In the Matter of DANIEL T. RISING et al., Respondents, v EASTERN SUFFOLK BOCES, Appellant. [775 NYS2d 178]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 5, 2003, which granted the petition.

Ordered that the order is affirmed, with costs.

The infant petitioner was injured while he was on a slide in a school playground. The petitioner established that there was a reasonable excuse for the delay in serving a notice of claim, the appellant acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and the appellant did not suffer substantial prejudice by the delay (*see D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891, 893 [1994]; *Matter of Barrios v City of New York,* 300 AD2d 480, 481 [2002]). Accordingly, the Supreme Court providently exercised its discretion in granting the application. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.

■ In the Matter of ROBERT H. ROTERING, JR, Appellant, v SUSAN C. ROTERING, Respondent. [775 NYS2d 182]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Amodeo, J.), entered September 8, 2003, which granted the mother's motion, made at the close of the father's evidence during the fact-finding hearing, to dismiss his petition to relocate to Fargo, North Dakota, with their children.

Ordered that the order is affirmed, without costs or disbursements.

When reviewing a custodial parent's request to relocate, the Family Court's primary focus must be the best interests of the children (*see Matter of Tropea v Tropea,* 87 NY2d 727, 738-739 [1996]; *Kime v Kime,* 302 AD2d 564 [2003]). Here, contrary to the father's contention, the Family Court properly dismissed his petition to relocate to Fargo, North Dakota, with the parties' children, for failure to establish, prima facie, that such relocation was in the best interests of the children. Smith, J.P., Krausman, Crane and Mastro, JJ., concur.