In the Matter of CHERYL MCBRYDE, Appellant, v AINSLEY BODDEN, Respondent. [936 NYS2d 292]—

"[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the

child. While the respective rights of the custodial and noncustodial parents are unquestionably significant factors that must be considered . . . it is the rights and needs of the children that must be accorded the greatest weight" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). In all relocation cases, the courts consider and give appropriate weight to all of the relevant factors, which include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contacts with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements (*id.* at 740-741).

Relocation determinations are within the sound discretion of the Family Court, which has the opportunity to observe the demeanor and assess the character and credibility of the parties and witnesses. However, "[i]n relocation determinations, this Court's authority is as broad as that of the hearing court (*see Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]). Thus, a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record (*see Matter of Clarke v Boertlein*, 82 AD3d 976, 977 [2011])" (*Matter of Hamed v Hamed*, 88 AD3d 791, 792 [2011]).

Here, the Family Court's determination that it is not in the child's best interests to relocate to Alabama has a sound and substantial basis in the record. The mother established that she had the opportunity to live rent-free in Alabama, in a home owned by her mother and stepfather, who live nearby. However, she does not have a job awaiting her in Alabama, and her evidence allegedly showing that the school which the child might be able to attend in Alabama was better than the school he attends in New York, was conclusory.

The father established that he consistently exercises his right to visitation with the child, and desires to spend more time with him, and that the mother makes minimal effort to foster the relationship between him and the child. Under the totality of the circumstances, we agree with the Family Court that the purported benefits of the proposed relocation do not justify the drastic reduction in visitation with the father which would occur, and that, therefore, the proposed relocation is not in the best interests of the child (*see Rubio v Rubio*, 71 AD3d 862 [2010]; *Matter of Martino v Ramos*, 64 AD3d 657 [2009]).

Moreover, it was a provident exercise of the Family Court's discretion to grant the father additional visitation with the child. Contrary to the mother's contention, this determination was neither arbitrary nor punitive but, rather, was based on the express desire of both the child and the father to spend more time together. Skelos, J.P., Hall, Austin and Miller, JJ., concur.