In the Matter of KAREN H., Petitioner, v MAURICE G., Respondent. AUSTIN G., Nonparty Appellant. [956 NYS2d 154]—

The parties, who were divorced in September 2009, have three sons, ages 16, 15 and 12, respectively. Pursuant to a stipulation of settlement between the parties, executed on June 23, 2009, which was incorporated but not merged into their judgment of divorce, they agreed to joint legal custody of their children, with residential custody to the mother, and parenting time to the father every other weekend, one midweek visit, and alternating holidays. The mother agreed not to relocate beyond a 60-mile radius from their residence as of the date of the stipulation, without written consent of the father or an order of the court.

On January 11, 2010, the mother remarried. Her new husband was a resident of Georgia. The mother requested consent from the father to move to Georgia with the children, which the father refused to give. Thereafter, the mother petitioned to modify the terms of the stipulation of settlement

to allow her to relocate from New York to Georgia with the children.

After a hearing, the Family Court, in an order dated May 4, 2011, inter alia, denied the mother's petition.

"To modify an existing custody arrangement, there must be a showing of a change in circumstances, and the determination of the Family Court must have a sound and substantial basis in the record" (*Matter of Englese v Strauss*, 83 AD3d 705, 706 [2011]; *see Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]). " 'When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child' " (*Matter of Garcia v Becerra*, 68 AD3d 864, 865 [2009], quoting *Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Said v Said*, 61 AD3d 879, 881 [2009]). Given that a "custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents" (*Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *see Matter of Grossman v Grossman*, 5 AD3d 486, 486-487 [2004]), "its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Venette v Rhodes*, 301 AD2d 608, 608 [2003]; *see Matter of Garcia v Becerra*, 68 AD3d at 865). However, "in relocation determinations, [this Court's] authority is as broad as that of the hearing court" (*Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]), and the hearing court's determination will not be affirmed if it lacks a sound and substantial basis in the record (*see Matter of McBryde v Bodden*, 91 AD3d 781, 782 [2012]).

Here, since the mother sought permission to relocate to Georgia, she bore the burden of proof by a preponderance of the evidence that the move was in the children's best interests (*see Matter of Harding v Harding*, 84 AD3d 1086, 1086 [2011]; *Bjornson v Bjornson*, 38 AD3d 816, 816-817 [2007]). When evaluating whether the proposed move would serve the children's best interests, the factors to be considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child[ren] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child[ren]'s future contact with the noncustodial parent, the degree to which the custodial parent's and child[ren]'s [lives] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between

the noncustodial parent and child[ren] through suitable visitation arrangements" (*Matter of Tropea v Tropea,* 87 NY2d at 740-741; *see Matter of Schreurs v Johnson,* 27 AD3d 654, 655 [2006]). However, "the impact of the move on the relationship between the child[ren] and the noncustodial parent will remain a central concern" (*Matter of Tropea v Tropea,* 87 NY2d at 739).

Upon weighing the appropriate factors, the Family Court properly determined that the mother did not meet her burden (*see Tropea v Tropea,* 87 NY2d at 739; *Matter of McBryde v Bodden,* 91 AD3d 781 [2012]). The mother failed to establish that the relocation to Georgia was economically necessary, that the children's lives would be enhanced socially and educationally, that the move would not have a negative impact on the quality of the children's future contact with the father, or that it was feasible to preserve the relationship between the father and the children through suitable visitation arrangements (*see Matter of Tropea v Tropea,* 87 NY2d at 740-741). Accordingly, the Family Court's determination does not lack a sound and substantial basis in the record, and will not be disturbed by this Court.

The remaining contention of the child Austin G. is without merit. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.