■ In the Matter of GINA MARIE CORDOVA, Respondent, v KRISTOPHER H. VAGIANOS, Appellant. [955 NYS2d 888]—

"When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child" (*Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Said v Said*, 61 AD3d 879, 881 [2009]). Here, the Family Court, upon weighing the appropriate factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]), properly determined that relocation was in the best interests of the parties' child.

"The court has discretion to determine what, if any, visitation is in the best interests of the child" (*Matter of Franklin v Richey*, 57 AD3d 663, 664 [2008] [internal quotation marks omitted]; *see Matter of Mera v Rodriguez*, 73 AD3d 1069 [2010]). "This determination will not be set aside unless it lacks a substantial evidentiary basis in the record" (*Franklin v Richey*, 57 AD3d at 664 [internal quotation marks omitted]; *see Matter of Wispe v Leandry*, 63 AD3d 853 [2009]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). Contrary to the father's contention, the visitation award was supported by a sound and substantial basis in the record. Thus, the Family Court's determination will not be disturbed (*see Matter of Manzella v Milano*, 82 AD3d 1242 [2011]).

The father's remaining contentions are without merit. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.