In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (LoPresti, Ct. Atty. Ref.), dated March 12, 2012, which, after a hearing, granted the *558 mother’s petition to modify a prior order of custody and visitation of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated October 7, 2008, so as to allow her to relocate with the subject child to Virginia, and denied his petition for sole custody of the subject child.
Ordered that the order dated March 12, 2012, is affirmed, without costs or disbursements.
“To modify an existing custody arrangement, there must be a showing of a change in circumstances, and the determination of the Family Court must have a sound and substantial basis in the record” (Matter of Englese v Strauss, 83 AD3d 705, 706 [2011] ). A parent seeking to relocate bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child’s best interests (see Bjornson v Bjornson, 38 AD3d 816, 816-817 [2007]). In determining whether relocation is appropriate, the court must consider a number of factors, including the children’s relationship with each parent, the effect of the move on contact with the noncustodial parent, the degree to which the lives of the custodial parent and the child may be enhanced economically, emotionally, and educationally by the move, and each parent’s motives for seeking or opposing the move (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). Inasmuch as “[t]he weighing of these various factors requires an evaluation of the testimony, character and sincerity of all the parties involved” (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]), the Family Court’s credibility determinations are entitled to deference and its decision will be upheld if supported by a sound and substantial basis in the record (see Matter of Karen H. v Maurice G., 101 AD3d 1005, 1006 [2012]).
Here, the Family Court properly determined that the best interests of the child would be served by permitting the relocation (see Matter of Cordova v Vagianos, 101 AD3d 1118, 1119 [2012] ; cf. Matter of Tracy A.G. v Undine J., 105 AD3d 1046 [2013] ). Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.