On a motion to dismiss a petition, made at the close of the petitioner’s case, the facts must be viewed in the light most favorable to the petitioner, accepting his or her proof as true and affording him or her every favorable inference that reasonably can be drawn therefrom (see Matter of Mineo v Mineo, 96 AD3d 1617 [2012]; Matter of Stone v Wyant, 8 AD3d 1046 [2004]).
Here, even when viewed in the light most favorable to the mother, the evidence she presented on her case failed to establish, prima facie, that her proposal to relocate to Arizona with the subject children was in their best interest (see Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]). The mother failed *849 to provide sufficient proof that the move would enhance the children’s lives economically. The mother is currently living in the home of her second husband together with six children, three from each of their prior marriages. The mother, an unemployed educator, testified that she had received a job offer in Arizona, contingent on her obtaining reciprocal certification. She, however, did not testify about what salary she expected to earn. Further, the mother’s second husband, who has a secure job in New York earning between $60,000 and $80,000, annually, does not have a job waiting for him in Arizona (see Matter of McBryde v Bodden, 91 AD3d 781, 782 [2012]). Without proof of the second husband’s potential job prospects in Arizona, or proof of the mother’s earning potential as a teacher in Arizona, any contention that the children would enjoy a higher quality of life there is speculative.
The mother also provided no evidence that the lives of the subject children would be enhanced emotionally by the move. There was no testimony regarding how the children felt about the proposed move, in terms of how they believed it would affect their relationship with their father or any of their friends. In fact, there was no evidence as to whether the subject children even desired to move (see Matter of Harrsch v Jesser, 74 AD3d 811, 812 [2010]).
If relocation of the subject children across the country were permitted, the frequency of contacts between them and the father, who, inter alia, currently visits with them three weekends a month, would be significant!y reduced (see Matter of McBryde v Bodden, 91 AD3d at 782; Rubio v Rubio, 71 AD3d 862, 863 [2010]; Matter of Martino v Ramos, 64 AD3d 657, 658 [2009]; cf. Matter of Sahagun v Alix, 107 AD3d 722, 723 [2013]). The mother failed to show that the relationship between the subject children and the father could be preserved through suitable visitation arrangements, particularly given her financial circumstances.
Accordingly, the Family Court properly granted the father’s motion to dismiss the mother’s petition at the close of her case (see Matter of Rotering v Rotering, 6 AD3d 718 [2004]). Balkin, J.P., Chambers, Austin and Roman, JJ., concur.