■ In the Matter of MIRTALA MELGAR, Appellant, v JOSE R. SEVILLA, Respondent. (Proceeding No. 1.) In the Matter of JOSE R. SEVILLA, Respondent, v MIRTALA MELGAR, Appellant. (Proceeding No. 2.) [7 NYS3d 485]—

Appeal from an amended order of the Family Court, Nassau County (Merik R. Aaron, J.), dated October 30, 2013. The amended order, after a hearing, denied the mother's amended petition for permission to relocate with the subject child to North Carolina, and granted the father's amended petition to modify the custody provision of the parties' judgment of divorce entered October 17, 2003, so as to award him sole custody of the subject child.

Ordered that on the Court's own motion, the notice of appeal from a decision of that court dated August 30, 2013, is deemed to be a premature notice of appeal from the amended order dated October 30, 2013; and it is further,

Ordered that the amended order is affirmed, without costs or disbursements.

When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 738 [1996]; *Matter of Rotering v Rotering*, 6 AD3d 718 [2004]; *Rutigliano v Rutigliano*, 5 AD3d 581 [2004]). The mother failed to show by a preponderance of the evidence that relocating from New York to North Carolina would enhance the subject child's life economically, emotionally, and educationally, and justify uprooting the subject child, who was then 11 years old, from a school district where she had attended school since kindergarten and where she was thriving (*see Matter of Tropea v Tropea*, 87 NY2d at 739-741; *Matter of Confort v Nicolai*, 309 AD2d 861 [2003]). Further, the evidence demonstrated that the subject child has lived with the father since June 2011, and the father was actively involved in her education and daily life. The Family Court's determination to deny the mother's amended petition to relocate with the subject child to North Carolina, and to grant the father's amended petition for sole custody of the

subject child, has a sound and substantial basis in the record (*see Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]). Accordingly, the Family Court properly denied the mother's amended petition and granted the father's amended petition. Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.