■ In the Matter of THEODORE PETTIFORD, Appellant, v TAMEKA A. CLARKE, Respondent. [20 NYS3d 106]—

Appeal from an order of the Family Court, Westchester County (David Klein, J.), dated November 3, 2014. The order, without a hearing, dismissed the father's petition to modify a

prior order of custody and visitation so as to award him physical custody of the subject child, on the ground that the child's best interests could not be determined without the child's participation in the proceeding.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for a hearing in accordance herewith and, thereafter, a determination on the merits of the petition.

The parties have one child in common. Pursuant to a prior order of custody and visitation, the mother was awarded physical custody of the child and the father was awarded liberal visitation. The mother and father each filed petitions to modify the prior order of custody and visitation, but soon thereafter, the mother absconded with the child and apparently relocated to North Carolina, although her exact whereabouts were unknown. After dismissing the mother's petition for failure to prosecute and relieving her attorney, the Family Court, by order dated November 3, 2014, dismissed the father's modification petition. The court reasoned that, without the child's participation in the proceeding, it could not determine whether a transfer of physical custody to the father was in the child's best interests.

"[W]illful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent" (*Matter of Joosten v Joosten*, 282 AD2d 748, 748 [2001] [internal quotation marks and some brackets omitted]). Here, it cannot be disputed that the mother has willfully interfered with the father's right to visit with his child. Furthermore, the Family Court retained exclusive continuing jurisdiction over its prior order of custody and visitation, despite the mother's apparent relocation to North Carolina (*see* Domestic Relations Law § 76-a [1] [a]; *Matter of Nelson v McGriff*, 130 AD3d 736, 737 [2015]). Therefore, under the circumstances of this case, the father's modification petition must be reinstated, and the matter must be remitted to the Family Court, Westchester County, for a hearing on the issue of custody of the child, even if the child cannot be present at the hearing, and, thereafter, a determination on the merits of the father's petition.

The father's remaining contention is without merit. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.