■ In the Matter of NICOLE L. FRARE, Appellant, v JOHN J. DeMARIA, Respondent. (Proceeding No. 1.) In the Matter of JOHN J. DeMARIA, Respondent, v NICOLE L. FRARE, Appellant. (Proceeding No. 2.) [19 NYS3d 767]—

Appeal from an order of the Family Court, Suffolk County (Deborah Poulos, J.), dated October 7, 2014. The order, in effect, denied the mother's petition to relocate with the parties' child to Maryland and granted the father's cross petition for sole residential custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The parties, who were never married, have one child together. In 2012, the parties entered into a so-ordered stipulation wherein they agreed to joint legal custody of the child, with residential custody temporarily to the mother. Subsequently, the mother moved to Maryland and the child resided with the father. In March 2013, the parties entered into a new so-ordered stipulation which continued joint custody, but which provided that the child was to live with the father through July 1, 2013. In July 2013, the mother filed a petition seeking permission to relocate with the child to Maryland. In February 2014, the father filed a cross petition seeking sole residential custody of the child. After a hearing, the Family Court, in effect, denied the mother's petition and granted the father's cross petition.

"Modification of an existing court-sanctioned custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child[ ]" (*Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729, 730 [2014]; *see Wosu v Nettles-Wosu*, 132 AD3d 688 [2015]; *Matter of Morocho*

*v Jordan*, 123 AD3d 1037 [2014]). When reviewing a custodial parent's request for permission to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Matter of Steadman v Roumer*, 81 AD3d 653 [2011]). Here, the Family Court's determination that the subject child's best interests would not be served by relocating to Maryland was supported by a sound and substantial basis in the record (*see Matter of Tropea v Tropea*, 87 NY2d at 739; *Matter of Karen H. v Maurice G.*, 101 AD3d 1005 [2012]; *Matter of McBryde v Bodden*, 91 AD3d 781 [2012]). Accordingly, the court properly, in effect, denied the mother's petition and, under the circumstances, properly granted the father's cross petition seeking sole residential custody of the child. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.