■ In the Matter of RYAN DETWILER, Respondent, v NANCY DETWILER, Appellant. [42 NYS3d 354]—

Appeal by the mother from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered September 15, 2015. The order, insofar as appealed from, after a hearing, denied the mother's petition to relocate with the children to Missouri and granted the father's petition to modify the custody provisions of an order dated January 17, 2012, so as to award him primary physical custody of the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in July 2000, and are the parents of three children. The parties separated in January 2011, and in a custody order entered January 27, 2012, upon the parties' consent, the Family Court awarded them joint legal custody,

with physical custody to the mother. The custody order provided the father with visitation every weekday and on Sundays. The order further provided that the mother was to have final decision-making authority after full and meaningful discussion with the father. On or about March 23, 2015, the father filed a petition to modify the prior custody order so as to award him physical custody of one of the children.

On March 27, 2015, the mother relocated with the three children to Missouri without discussing it with the father or the children, and without seeking the permission of the Family Court. Thereafter, on or about April 1, 2015, the father filed an emergency application to have the children returned to New York. After a court appearance on April 24, 2015, the court directed the mother to return the children to New York. The mother returned the children to the father in New York on May 1, 2015.

Thereafter, the mother filed a petition to relocate with the children to Missouri. The father then filed an amended petition, seeking to modify the prior custody order so as to award him primary physical custody of all three children. After a hearing, the Family Court denied the mother's petition and granted the father's petition. The mother appeals.

"A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (*Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]; *see Matter of Ventura v Huggins*, 141 AD3d 600, 600 [2016]; *Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]; *Matter of Steadman v Roumer*, 81 AD3d 653, 654 [2011]). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740 [1996]; *see Matter of Hall v Hall*, 118 AD3d 879, 880 [2014]). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741; *see Matter of Ventura v Huggins*, 141 AD3d at 600; *Matter of Hall v Hall*, 118 AD3d at

880-881). Inasmuch as "[t]he weighing of these various factors requires an evaluation of the testimony, character and sincerity of all the parties involved" (*Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *see Matter of Pietrafesa v Pietrafesa*, 108 AD3d 557, 558 [2013]), the Family Court's determination is entitled to deference, and its decision will be upheld if supported by a sound and substantial basis in the record (*see Matter of Pietrafesa v Pietrafesa*, 108 AD3d at 558; *Matter of Karen H. v Maurice G.*, 101 AD3d 1005, 1006 [2012]; *Matter of McBryde v Bodden*, 91 AD3d 781, 782 [2012]). However, "in relocation determinations, [this Court's] authority is as broad as that of the hearing court" (*Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]; *see Matter of Ortiz v Ortiz*, 118 AD3d 800, 801 [2014]).

Here, the Family Court's determination that relocation was not in the best interests of the children was supported by a sound and substantial basis in the record. Willful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent (*see Matter of Pettiford v Clarke*, 133 AD3d 666, 667 [2015]; *Matter of Joosten v Joosten*, 282 AD2d 748 [2001]; *Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999]; *Entwistle v Entwistle*, 61 AD2d 380, 384-385 [1978]). The mother's conduct in this case, in relocating with the children to Missouri, without discussing it with the children or the father, or seeking permission of the court, raises a strong probability that she is unfit to continue to act as the custodial parent. The mother also failed to show that the children's lives would be enhanced economically, emotionally, and educationally by the move (*see Quinn v Quinn*, 134 AD3d 688, 689 [2015]; *Matter of Gravel v Makrianes*, 120 AD3d 815, 817 [2014]; *Matter of McBryde v Bodden*, 91 AD3d at 782). Any potential benefit in relocation did not justify the drastic reduction in the father's visitation (*see Matter of McBryde v Bodden*, 91 AD3d at 782), and did not justify uprooting the children who had always attended school in the same school district, where they were thriving academically and socially (*see Matter of Melgar v Sevilla*, 127 AD3d 1092, 1092 [2015]; *Matter of Confort v Nicolai*, 309 AD2d 861, 861 [2003]).

Moreover, the recommendations of court-appointed experts may be considered in making custody determinations, and such recommendations are entitled to some weight, unless the opinion is contradicted by the record (*see Matter of Hall v Hall*, 118 AD3d at 882-883; *Matter of Hamed v Hamed*, 88 AD3d 791,

792 [2011]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 678 [2009]; *Young v Young*, 212 AD2d 114, 118 [1995]). Here, the opinion of the mental health evaluator, that relocation was not in the children's best interests, was not contradicted by the record.

Viewing the totality of the circumstances, there is a sound and substantial basis for the Family Court's determination that there was a change in circumstances such that a modification of custody was necessary to ensure the best interests and welfare of the children (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206-1207 [2015]). Accordingly, we decline to disturb the court's determination granting the father's petition to modify the custody provisions set forth in the order dated January 17, 2012, so as to award him physical custody of the children.

The mother's further contention that the Family Court was biased against her in the conduct of the hearing is without merit. When a claim of bias is raised, the inquiry on appeal is limited to whether the court's "bias, if any, unjustly affected the result to the detriment of the [mother]" (*Matter of Baby Girl Z. [Yaroslava Z.]*, 140 AD3d 893, 894 [2016] [internal quotation marks omitted]). A review of the record shows that the court listened to the testimony, treated the parties fairly, and, contrary to the mother's contention, did not have a predetermined outcome of the case in mind during the hearing (*see id.*; *Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]). Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.