Matter of Tayson v Degraft-Johnson (2018 NY Slip Op 00154)





Matter of Tayson v Degraft-Johnson


2018 NY Slip Op 00154


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-01736
 (Docket No. V-11250-11)

[*1]In the Matter of Evans Tayson, appellant, 
v
Ama Degraft-Johnson, respondent.


Diana H. Kelly, Jamaica, NY, for appellant.
Paul B. Guttenberg, Syosset, NY, for respondent.
Janet L. Brown, Jamaica, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated January 23, 2017. The order, insofar as appealed from, after a hearing, denied the father's petition to modify an order of custody and visitation of that court (Margaret M. Mulrooney, Ct. Atty. Ref.) dated February 25, 2014, to allow him to relocate with the parties' child to Georgia.
ORDERED that the order dated January 23, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties had one child together, a daughter who was born in 2007. The parties shared joint custody of their daughter pursuant to an order of custody and visitation dated February 25, 2014, and the daughter's primary residence was with the father. In July 2016, the father filed a petition in the Family Court seeking to modify the February 25, 2014, order to allow him to relocate with the daughter from New York to Georgia. Following a hearing, the court denied the petition. The father appeals.
When reviewing a custodial parent's petition for permission to relocate, the court's primary focus must be on the best interests of the child (see Matter of Tropea v Tropea, 87 NY2d 727; Matter of Steadman v Roamer, 81 AD3d 653, 654). The parent seeking to relocate bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (see Bjornson v Bjornson, 38 AD3d 816, 816-817). In determining whether relocation is appropriate, the court must consider a number of factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential economic, emotional, and educational enhancement to the lives of the custodial parent and the child due to the move, and each parent's motives for seeking or opposing the move (see Matter of Tropea v Tropea, 87 NY2d at 740-741). Inasmuch as "[t]he weighing of these various factors requires an evaluation of the testimony, character and sincerity of all the parties involved" (Eschbach v Eschbach, 56 NY2d 167, 173), the Family Court's determinations are entitled to deference and its decision will be upheld if supported by a sound and substantial basis in the record (see Matter of [*2]Karen H. v Maurice G., 101 AD3d 1005; Matter of McBryde v Bodden, 91 AD3d 781, 782).
Here, the Family Court's determination that the child's best interests would not be served by the relocation to Georgia is supported by a sound and substantial basis in the record. The court was properly concerned about the impact that the move would have on the mother's relationship with the child. The relocation would deprive the mother of valuable parenting time with the child and impair her ability to participate in the child's education, extracurricular activities, and medical care. Furthermore, the record strongly suggests that the father will not promote and encourage the mother-child relationship. Although relocation to Georgia might provide some economic benefits, it does not justify the reduction in the mother's visitation or uprooting the child, who had always attended the same school where she was thriving academically and socially (see Matter of Detwiler v Detwiler, 145 AD3d 778, 780).
The father's remaining contentions are without merit.
The mother's challenge to the order appealed from is not properly before this Court, since she did not cross-appeal from the order.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court