Matter of Ruiz v Spinnelli (2018 NY Slip Op 03983)





Matter of Ruiz v Spinnelli


2018 NY Slip Op 03983


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-04694
 (Docket Nos. V-22865-10, V-22866-10)

[*1]In the Matter of Gustavo Ruiz, respondent, 
v
Linda M. Spinnelli, appellant.


Ronna Gordon-Galchus, Fresh Meadows, NY, for appellant.
Sarah Tirgary, Jamaica, NY, for respondent.
Janet L. Brown, Jamaica, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated March 31, 2017. The order, insofar as appealed from, after a hearing, modified the custody provisions of an order of the same court (Maryellen Fitzmaurice, J.), dated November 30, 2010, so as to award the father sole legal and physical custody of the subject children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of the two subject children. In a custody and physical access order dated November 30, 2010, entered upon the parties' consent, the Family Court (Maryellen Fitzmaurice, J.) awarded the parties joint custody of the children, with primary physical custody to the mother, and physical access to the father. In March 2015, the father filed a petition to modify the prior order so as to award him sole custody of the children, on the grounds that the mother had relocated with the children to Florida without discussing the relocation with him, without seeking the permission of the court, and without revealing the children's whereabouts. In an order dated March 16, 2015, the court (Ronald E. Richter, J.) awarded the father temporary physical custody of the children. The father went to Florida, and with the assistance of the police, found the children and brought them back to New York. Thereafter, the mother returned to New York with her husband and had physical access with the children. After a hearing, the court awarded the father sole physical and legal custody of the children, with physical access to the mother. The mother appeals.
The mother's conduct in relocating with the children to Florida without seeking the permission of the father or of the Family Court, and concealing the location of the children, raises a strong probability that she is unfit to continue to act as the custodial parent, and constituted a change in circumstances sufficient to warrant a change in custody (see Matter of Detwiler v Detwiler, 145 AD3d 778, 780; Matter of Bennett v Abbey, 141 AD3d 882, 885; Matter of Meier v Key-Meier, [*2]36 AD3d 1001, 1003; see also Matter of Goodman v Jones, 146 AD3d 884, 885; Matter of Pettiford v Clarke, 133 AD3d 666, 667). Further, viewing the totality of the circumstances, there is a sound and substantial basis in the record for the court's determination that awarding the father sole legal and physical custody was in the best interests of the children. The physical access schedule affords the children ample opportunity to spend time with their older half-sister and their younger half-brother (see Matter of Jones v Leppert, 75 AD3d 552, 554; Matter of Nikolic v Ingrassia, 47 AD3d 819, 821).
Accordingly, we agree with the Family Court's determination awarding the father sole legal and physical custody of the children.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court