Matter of Follini v Currie (2019 NY Slip Op 07779)





Matter of Follini v Currie


2019 NY Slip Op 07779


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-08024
 (Docket Nos. V-6187-13/17B, V-6188-13/17B, V-6187-16/17A, V-6188-16/17A)

[*1]In the Matter of James Follini, respondent,
v
Galonda Currie, appellant. (Proceeding No. 1.)
In the Matter of Galonda Currie, appellant,James . Follini, Jr., respondent. (Proceeding No. 2.)


The Law Office of Kelley M. Enderley, P.C., Poughkeepsie, NY, for appellant.
Peter C. Lomtevas, Brooklyn, NY, for respondent.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child Aliyah.
Jessica Bacal, Mount Kisco, NY, attorney for the child Jionni.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from stated portions of an order of the Family Court, Orange County (Lori Currier Woods, J.), dated June 4, 2018. The order, after a hearing, inter alia, (1) granted that branch of the father's petition which was to modify an order of the same court dated January 26, 2015, awarding sole legal and physical custody of the parties' children to the mother, to the extent of awarding the parties joint legal custody of the children, and (2) denied the mother's petition to modify the order dated January 26, 2015, so as to permit her to relocate with the children to Florida.
ORDERED that the order dated June 4, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have a daughter and a son, born in 2003 and 2012, respectively. Pursuant to an order of the Family Court dated January 26, 2015 (hereinafter the January 2015 order), made after an inquest, the mother was awarded sole legal and physical custody of the children, with parental access to the father as agreed upon between the parties. Although the parties disagree as to whether the father consistently exercised his biweekly parental access with the children, they agree that the father and the children have a loving relationship. The parties further agree that the father regularly attended the daughter's school functions, including concerts and track meets. In June 2017, the mother advised the father that she planned to move to Florida with the children, and she moved to Florida with the children in July 2017.
The father filed a petition, inter alia, to modify the January 2015 order so as to award him sole legal and physical custody of the children. In response, the mother filed a petition to [*2]modify the January 2015 order so as to permit her to move to Florida with the children. After a four-day hearing, the Family Court issued an order dated June 4, 2018, granting that branch of the father's petition which was to modify the January 2015 order to the extent of awarding the parties joint legal custody of the children. In addition, the court, inter alia, denied the mother's petition for permission to relocate to Florida with the children, and directed the mother to enroll the children in school in Orange County, New York. The mother appeals.
"When reviewing a custodial parent's petition for permission to relocate, the court's primary focus must be on the best interests of the child" (Matter of Tayson v Degraft-Johnson, 157 AD3d 703, 704; see Matter of Tropea v Tropea, 87 NY2d 727, 739). "The parent seeking to relocate bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Tayson v Degraft-Johnson, 157 AD3d at 704; see Bjornson v Bjornson, 38 AD3d 816, 816-817). When evaluating whether the proposed move would serve the children's best interests, the factors to be considered include, but are not limited to (1) each parent's reasons for seeking or opposing the move; (2) the quality of the relationships between the children and the custodial and noncustodial parents; (3) the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent; (4) the degree to which the custodial parent's and children's lives may be enhanced economically, emotionally, and educationally by the move; and (5) the feasibility of preserving the relationship between the noncustodial parent and children through suitable visitation arrangements (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Karen H. v Maurice G., 101 AD3d 1005, 1006-1007). However, "the impact of the move on the relationship between the child[ren] and the noncustodial parent will remain a central concern" (Matter of Tropea v Tropea, 87 NY2d at 739).
Inasmuch as "[t]he weighing of these various factors requires an evaluation of the testimony, character and sincerity of all the parties involved" (Eschbach v Eschbach, 56 NY2d 167, 173), the Family Court's determinations are entitled to deference (see Matter of Tayson v Degraft-Johnson, 157 AD3d at 704). However, this Court's authority in custody determinations is as broad as that of the hearing court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947), and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, the hearing court's determination will not be affirmed if it lacks a sound and substantial basis in the record (see Matter of Karen H. v Maurice G., 101 AD3d at 1006).
Since the mother sought permission to relocate to Florida with the children, she bore the burden of proving by a preponderance of the evidence that the move was in the children's best interests. Upon weighing the appropriate factors, we agree with the Family Court's determination that the mother did not meet this burden (see Matter of Tropea v Tropea, 87 NY2d at 739; Matter of Karen H. v Maurice G., 101 AD3d 1005; Matter of McBryde v Bodden, 91 AD3d 781, 782). The mother failed to establish that the relocation to Florida was economically necessary, that the children's lives would be enhanced socially or educationally, that the move would not have a negative impact on the quality of the children's future contact with the father, or that it was feasible to preserve the relationship between the father and the children through suitable parental access arrangements (see Matter of Tropea v Tropea, 87 NY2d at 740-741). Accordingly, inasmuch as the court's determination to deny the mother's petition does not lack a sound and substantial basis in the record, we decline to disturb it.
We also agree with the Family Court's determination to grant that branch of the father's petition which was to modify the January 2015 order to the extent of awarding the parties joint legal custody of their children. "An existing court-sanctioned custody arrangement may be modified only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of Mendez v Limas, 160 AD3d 866, 867; see Matter of O'Shea v Parker, 116 AD3d 1051, 1051). "An existing court-ordered [parental access] arrangement may be modified only upon a showing that there has been a subsequent change of circumstances and modification is required" (Matter of Mendez v Limas, 160 AD3d at 867; see Family Ct Act § 467[b][ii]). The paramount concern in any custody or parental access determination is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 172).
Here, contrary to the mother's contention, the Family Court's determination awarding the parties joint legal custody of the children was supported by a sound and substantial basis in the record (see Matter of Mendez v Limas, 160 AD3d at 867; Matter of Demeter v Alayon, 90 AD3d 1045, 1046). Accordingly, we decline to disturb this determination.
The mother's remaining contentions are without merit.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court