Morelli v Morelli (2025 NY Slip Op 00657)

Morelli v Morelli

2025 NY Slip Op 00657

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-07862
 (Index No. 718089/22)

[*1]Melissa Ann Morelli, respondent,
v
Maurizio Morelli, appellant.

Arlene Boyd, Brooklyn, NY, for appellant.
The Law Office of Mark I. Plaine, P.C., Forest Hills, NY, for respondent.
Crystal L. Screen, Jamaica, NY, attorney for the children.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Maureen McHugh Heitner, J.), dated August 17, 2023. The order, insofar as appealed from, after a hearing, granted that branch of the plaintiff's motion which was for permission to relocate with the parties' children to Virginia.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 2013 and are the parents of two children, both of whom have special needs. In 2022, the plaintiff commenced this action for a divorce and ancillary relief. After an incident of domestic abuse, the plaintiff moved, inter alia, for permission to relocate with the children from Queens to Virginia. The parties stipulated that the plaintiff would have temporary custody of the children, but the defendant opposed relocation. After a hearing, in an order dated August 17, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendant appeals.
While the defendant is correct that the Supreme Court failed to state the facts it deemed essential to its determination as to relocation, remittal is not necessary since the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Miller v Hinckley, 176 AD3d 944, 944).
A party who raises the issue of relocation during a divorce proceeding bears the burden of establishing by a preponderance of the evidence that relocation would be in the best interests of the children (see Levitin v Levitin, 167 AD3d 589, 590; Sternberg-Kennedy v Kennedy, 166 AD3d 1050, 1051; Bjornson v Bjornson, 38 AD3d 816, 816-817). "In determining whether relocation is appropriate, the court must consider a number of factors including 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and the child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation [*2]arrangements'" (Matter of Banks v DeLeon, 174 AD3d 598, 599, quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741). Inasmuch as "[t]he weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved" (Matter of Feery v Feury, 168 AD3d 729, 730), the court's determinations are entitled to deference and its decision will be upheld if supported by a sound and substantial basis in the record (see Matter of Karen H. v Maurice G., 101 AD3d 1005; Matter of McBryde v Bodden, 91 AD3d 781, 782).
Here, the evidence established that the plaintiff was the children's primary caregiver and was responsible for their significant educational and medical needs. The plaintiff demonstrated that moving to Virginia would enable her to have family support, to have increased living space, and to be in a better position financially to help support the children (see Matter of Martinez v Driscoll, 209 AD3d 653, 655). Therefore, contrary to the defendant's contention, the Supreme Court properly determined that the plaintiff established that her proposed relocation would serve the children's best interests (see Matter of Tropea v Tropea, 87 NY2d 727).
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court