■ Jesse S. Abbott, Respondent, v Margaret A. Abbott, Appellant. [946 NYS2d 511]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Berliner, J.), dated January 5, 2012, as, without a hearing, denied her motion for permission to relocate with the parties' children.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and, thereafter, a new determination of the defendant's motion; in the interim, the children may remain in Florida with the defendant, on condition that she provide airline transportation for the subject children to Syracuse, New York, at her expense, for visitation with the plaintiff pursuant to the schedule set forth in the parties' May 2011 stipulation.

A party seeking to modify an existing custody arrangement must demonstrate by a preponderance of the evidence that there has been a change of circumstances such that a modification would be in the best interests of the subject children (*see Matter of Aronowich-Culhane v Fournier*, 94 AD3d 1114 [2012]; *Matter of Sweetser v Willis*, 91 AD3d 963 [2012]). When the modification requested is to relocate with the parties' children, the request " 'must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the [children]. While the respective rights of the custodial and noncustodial parents are unquestionably significant factors that must be considered . . . it is the rights and needs of the children that must be accorded the greatest weight' " (*Matter of McBryde v Bodden*, 91 AD3d 781, 781-782 [2012], quoting *Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *see Matter of Hamed v Hamed*, 88 AD3d 791, 791-792 [2011]; *Matter of Vega v Pollack*, 21 AD3d 495, 496-497 [2005]).

Here, the defendant established that there had been a sufficient change in circumstances to warrant a hearing on her application to relocate to Florida with the subject children. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing and, thereafter, a new determination on whether the relocation to Florida would be in the best interests of the children. In the interim, the children may remain in Florida with the defendant, on condition that she continues to provide airline transportation for the subject children to Syracuse, New York, at her expense, for visitation with the plaintiff pursuant to the schedule set forth in the parties' May 2011 stipulation. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.