■ In the Matter of WENDY PERAU, Appellant, v THOMAS Ross, Respondent. [965 NYS2d 591]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Katz, J.), dated January 20, 2012, as, after a hearing, and upon awarding her sole custody of the parties' two children, denied that branch of her petition which was for leave to relocate to Florida with the parties' two children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties, who were never married, have two children. The mother petitioned, inter alia, for leave to relocate with the parties' two children to Florida, where her fiancé resides. The father opposed the mother's request for leave to relocate with the children. After a hearing in which it was established, inter alia, that the father had frequent and consistent visitation and a close bond with the children, the Family Court denied the mother's request for leave to relocate.

" 'When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child' " (*Matter of Garcia v Becerra*, 68 AD3d 864, 865 [2009], quoting *Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). In relocation cases, this Court's authority is as broad as that of the hearing court (*see Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]), and the hearing court's determination will not be affirmed if it lacks a sound and substantial basis in the record (*see Matter of McBryde v Bodden*, 91 AD3d 781 [2012]).

Here, the mother bore the burden of demonstrating, by a preponderance of the evidence, that her proposed move to Florida was in the children's best interests (*see Matter of Karen H. v Maurice G.*, 101 AD3d 1005 [2012]). When evaluating whether a proposed move would serve a child's best interests, the factors to be considered include, but are certainly not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741). However, "the impact of the move on the re-

lationship between the child and the noncustodial parent will remain a central concern" (*id.* at 739).

Upon weighing the appropriate factors, the Family Court properly determined that the mother did not meet her burden of proving by a preponderance of the evidence that the move to Florida was in the children's best interests. The mother failed to establish that the move would not have a negative impact on the quality of the relationship between the children and the father, that the children's lives would be enhanced economically, emotionally, or educationally by the move, or that the quality of the relationship between the children and the father would be preserved by less frequent, extended periods of visitation. Accordingly, the Family Court's determination has a sound and substantial basis in the record, and will not be disturbed by this Court. Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.