█ In the Matter of DANIEL CARUSO, Respondent, v YVETTE CRUZ, Appellant. ANDREW CARUSO et al., Nonparty Appellants. [980 NYS2d 137]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Currier Woods, J.), dated March 6, 2012, as, after a hearing, denied her application for leave to relocate with the parties' children and granted the father's petition to modify an order of the Family Court, Rockland County, dated April 19, 2007, so as to award him sole legal and physical custody of the children.

Ordered that the order dated March 6, 2012, is reversed insofar as appealed from, on the facts and in the exercise of

discretion, without costs or disbursements, the mother's application for leave to relocate with the subject children is granted, the father's petition to modify the order dated April 19, 2007, so as to award him sole legal and physical custody of the children is denied, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith, to establish an appropriate visitation schedule for the father in light of the mother's relocation and, thereafter, to issue a permanent visitation order; and it is further,

Ordered that pending further order of the Family Court, Orange County, the father shall have unsupervised visitation with the children alternating weekends from Friday at 7:00 p.m. through Sunday at 7:00 p.m., and shall have the right to exercise mid-week visits every Tuesday from 4:30 p.m. to 7:30 p.m., with the mother transporting the children no less than half the geographic distance to the father's residence for drop-off and pick-up, or as the parties may otherwise agree.

The mother and the father are the parents of 9-year-old twins (hereinafter together the subject children) and a 20-year-old son. The parties were divorced by an amended judgment entered in the Supreme Court, Rockland County, on October 5, 2004, which incorporated but did not merge with a stipulation of settlement between the parties (hereinafter the stipulation). The stipulation provided, in relevant part, for the parties to share joint legal custody of the subject children, with the mother having physical custody and the father having liberal visitation. The same provision included the parties' agreement that neither party would move "beyond a one hundred mile radius of one another so as not to disrupt visitation with the [subject] children, without prior written consent from the other party."

In 2006 the parties commenced cross custody proceedings in the Family Court, Rockland County. The proceedings were resolved by an order of the Family Court, Rockland County, dated April 19, 2007 (hereinafter the 2007 order), which, inter alia, awarded the parties joint legal custody of the subject children, with the mother having physical custody, and set forth a comprehensive liberal visitation schedule for the father, which included alternate weekends, Tuesday and Thursday afternoons, and shared holidays and summers.

The father commenced this proceeding in the Family Court, Orange County, by a petition dated July 8, 2011, which alleged that he had learned that the mother was in the process of moving with the subject children to New Rochelle, which was 57 miles away. The father requested modification of the 2007 order so as to award him sole legal and physical custody of the subject

children. The father alleged that it was not in the subject children's best interests to move to New Rochelle, because his visitation with them would be disrupted, and that their best interests would be served by awarding him sole legal and physical custody. The mother opposed the father's petition, and requested leave to relocate with the subject children to New Rochelle. She contended that the existing custody arrangement should be retained, and that it was in the subject children's best interests to relocate with her to New Rochelle.

After a hearing at which the parties and other witnesses testified at length, the Family Court denied the mother's application for leave to relocate with the subject children to New Rochelle, and granted the father's petition to modify the 2007 order so as to award him sole legal and physical custody of the subject children.

A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (*see Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]; *Matter of Hirtz v Hirtz*, 108 AD3d 712, 713 [2013]; *Rubio v Rubio*, 71 AD3d 862, 863 [2010]). In determining whether relocation is appropriate, the court must consider a number of factors, which include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child[ren] through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). In assessing these factors, "no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (*id.* at 738). However, "the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (*id.* at 739; *see Matter of Francis-Miller v Miller*, 111 AD3d at 635; *Matter of Hirtz v Hirtz*, 108 AD3d at 713).

"In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea*, 87 NY2d at 741). In relocation proceedings, this Court's authority is as broad as that of the hearing court, and a relocation determina-

tion will not be permitted to stand unless it is supported by a sound and substantial basis in the record (*see Matter of Francis-Miller v Miller*, 111 AD3d at 635; *Matter of Hirtz v Hirtz*, 108 AD3d at 713-714; *Matter of McBryde v Bodden*, 91 AD3d 781, 782 [2012]).

Here, the Family Court's determination that the subject children's best interests would not be served by the relocation to New Rochelle is not supported by a sound and substantial basis in the record. Although the Family Court was properly concerned about the impact that the move would have on the father's relationship with the subject children, the record demonstrated that the relocation to New Rochelle would not "deprive the father of regular and meaningful access" to the children (*Matter of Browner v Kenward*, 213 AD3d 400, 401 [1995], *affd* 87 NY2d 727 [1996]; *see Matter of Cassidy v Kapur*, 164 AD2d 513, 516 [1991]; *Matter of Schouten v Schouten*, 155 AD2d 461, 462 [1989]). Furthermore, although the relocation may not have been an economic necessity, it was necessary for the mother to obtain a new residence after she was unable to negotiate an acceptable renewal of her lease at her previous residence, and her considerations as to where to move were valid and not based on animus. Under the circumstances of this case, the mother's request for leave to move with the children to New Rochelle should not have been denied (*see generally Matter of Tropea v Tropea*, 87 NY2d 727 [1996]).

We further conclude that the Family Court should have denied the father's petition for sole legal and physical custody of the subject children. The essential consideration in any custody dispute is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining the best interests of the children, the court must evaluate the totality of the circumstances (*see id.*; *Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d 703, 706 [2013]; *Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007]; *Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]). This Court's authority in custody determinations is as broad as that of the hearing court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we "would be seriously remiss if, simply in deference to the finding of a Trial Judge," we allowed a custody determination to stand where it lacks a sound and substantial basis in the record (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]; *see Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d at 706; *Matter of Moran v Cortez*, 85 AD3d 795, 796

[2011]; *Matter of Marrero v Centeno*, 71 AD3d 771 [2010]; *Matter of Larkin v White*, 64 AD3d 707, 708-709 [2009]).

Here, the Family Court's award of sole legal and physical custody of the subject children to the father lacked a sound and substantial basis in the record. In awarding the father custody, the court gave undue weight to particular instances of conflict between the parties, and to the mother's failure to consult with the father before determining to move with the subject children to New Rochelle. Furthermore, the court failed to give sufficient weight to the fact that the mother had been the primary caregiver for the subject children for their entire lives, and had almost single-handedly addressed their medical and educational needs. In addition, the Family Court failed to give sufficient weight to the fact that awarding the father sole legal and physical custody of the subject children would unavoidably separate them from their younger brother from the mother's second marriage. Under the totality of the circumstances, the best interests of the subject children would not be served by awarding the father sole legal and physical custody (*see Eschbach v Eschbach*, 56 NY2d at 171).

In light of our determination, we need not address the mother's remaining contentions. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.