■ In the Matter of TRACY DeCILLIS, Appellant, v THOMAS DeCILLIS, Respondent. (Proceeding No. 1.) In the Matter of THOMAS DeCILLIS, Respondent, v TRACY DeCILLIS, Appellant. (Proceeding No. 2.) [7 NYS3d 614]—

Appeal from an order of the Family Court, Suffolk County (Colleen M. Fondulis, Ct. Atty. Ref.), dated August 14, 2014. The order denied the mother's petition to relocate with the subject child and granted the father's cross petition to modify the custody provisions set forth in a stipulation of settlement between the parties so as to award him residential custody of the child.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the mother's petition is granted, the father's cross petition is denied, and the father shall have parenting time pursuant to the stipulation of settlement.

The father and the mother, parents of the subject 11-year-old child, were divorced by a judgment which incorporated, but did not merge, a stipulation of settlement between the parties. The stipulation provided for joint custody and joint decision-making with respect to the child, but for residential custody to the mother and specified parenting time for the father. Approximately one year after the divorce, when the mother sought to relocate with the child from Suffolk County to Nassau County, a move which the father opposed, the parties entered into a so-ordered stipulation, in which the mother agreed that unless she had the father's written consent, she would only relocate to an area within certain specified school districts, all located in Nassau and Suffolk counties.

The mother thereafter filed a petition seeking to relocate with the subject child to Richmond County. The mother asserted that she had been laid off from her job, that she could no longer afford her apartment in Suffolk County, and that she wanted to move into her parents' home in Richmond County, where she could live without paying rent and where she had, in addition to her parents, extended family in the area. The father opposed the mother's relocation request, and filed a cross petition to modify the stipulation of settlement so as to award him residential custody of the child. The parties agreed that the child would temporarily reside with the father, during the pendency of the proceedings on the petition and cross petition. After a hearing, the Family Court denied the mother's petition and granted the father's cross petition, awarding him residential custody.

"When reviewing a custodial parent's request for permission to relocate, the court's primary focus must be on the best interests of the child" (*Matter of Steadman v Roumer*, 81 AD3d

653, 654 [2011]; *see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]). "Although each custodial parent's request for relocation must be decided on its own merits, the factors to be considered include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the children and each parent, the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent, the degree to which the lives of the custodial parent and the children may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the children through suitable visitation arrangements" (*Matter of Said v Said*, 61 AD3d 879, 881 [2009]; *see Matter of Tropea v Tropea*, 87 NY2d at 740-741). "In relocation proceedings, this Court's authority is as broad as that of the hearing court, and a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record" (*Matter of Caruso v Cruz*, 114 AD3d 769, 771-772 [2014]; *see Matter of McBryde v Bodden*, 91 AD3d 781, 782 [2012]).

Here, the Family Court's determination that the subject child's best interests would not be served by relocating to Richmond County is not supported by a sound and substantial basis in the record. The evidence demonstrated that the child had a good relationship with both parents and that neither parent significantly interfered with the child's relationship or visits with the other parent. Although, as the Family Court observed, the mother's relocation with the child to Richmond County might have some impact upon the father's ability to participate in the child's extracurricular activities, the father, who works for a family-owned company, has a flexible work schedule, which should afford him the opportunity to participate in some of those activities. More significantly, the requested relocation would not prevent the father from having significant parenting time, as the parties had agreed in the initial stipulation of settlement. Under these circumstances, the mere increase in distance between the mother's and the father's residence will not create an undue burden or otherwise interfere with the father's relationship with the child.

Furthermore, although the relocation may not have been an economic necessity (*see Matter of Caruso v Cruz*, 114 AD3d at 772), the mother demonstrated that it would give her an opportunity to improve her economic situation (*see Matter of Tropea v Tropea*, 87 NY2d at 739), since she would be able to eliminate her housing expenses. This consideration, as well as

the mother's desire to be in closer proximity to her parents and extended family, were valid and not based on animus (*see Matter of Caruso v Cruz*, 114 AD3d at 772). On the other hand, the validity of the father's objections to the mother's relocation is called somewhat into question by his prior refusal to consent to her relocation even to Nassau County. Moreover, contrary to the father's main objection to relocation, which related to the subject child's education, the Family Court found that the child would receive a comparable education in Richmond County, although at greater expense.

The evidence also demonstrated that the subject child had significant connections with family and friends in Richmond County, and she expressed, through the attorney for the child, who supported the mother's petition, that she wished to relocate to Richmond County with her mother (*see Matter of Hirtz v Hirtz*, 108 AD3d 712, 714 [2013]; *Matter of Said v Said*, 61 AD3d at 880-881).

Upon weighing these factors, we find that the mother established that the subject child's best interests would be served by permitting the relocation, which would, among other things, permit the child to still have a meaningful relationship with the father (*see Matter of Caruso v Cruz*, 114 AD3d at 772; *Matter of Said v Said*, 61 AD3d at 881; *Matter of Wisloh-Silverman v Dono*, 39 AD3d 555, 556-557 [2007]). Accordingly, the Family Court should have granted the mother's petition for permission to relocate with the child to Richmond County. Further, the Family Court should have denied the father's cross petition to modify the stipulation of settlement so as to award him residential custody, since the father failed to identify any change of circumstances which would warrant a change of custody to ensure the continued best interests of the child (*see Matter of Quezada v Long*, 126 AD3d 907 [2015]; *Matter of Caruso v Cruz*, 114 AD3d at 772-773; *Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737 [2012]). Finally, the father should have parenting time with the child in accordance with the parties' stipulation of settlement. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.