■ MICHELE DeFILIPPIS, Respondent, v MATTHEW DeFILIPPIS, Appellant. [45 NYS3d 175]—

Appeal by the defendant from an amended order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated June 3, 2016. The amended order granted the plaintiff's motion to relocate with the subject children to East Hampton, New York. By decision and order on motion dated July 25, 2016, this Court, inter alia, granted that branch of the defendant's motion which was to stay enforcement of the amended order pending hearing and determination of this appeal.

Ordered that the amended order is reversed, on the law, with costs, and the plaintiff's motion to relocate with the subject children to East Hampton, New York, is denied.

The parties married and subsequently had two children. In 2014, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. While the action was pending, the plaintiff sought to relocate with the children from Floral Park to East Hampton. The plaintiff contended that this relocation would enhance the children's lives economically, emotionally, and educationally. The defendant opposed the relocation, contending that if the children moved to East Hampton he would be unable to remain involved in their daily lives, school, or extracurricular activities, as he would see them only on the weekends. The Supreme Court granted the plaintiff's relocation motion, and the defendant appeals. We reverse.

When a parent seeks to relocate with a child, "this Court's authority is as broad as that of the hearing court, and a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record" (*Matter of Caruso v Cruz*, 114 AD3d 769, 771-772 [2014]). The parent seeking to relocate must "establish[ ] by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). Each case "must be considered on its own merits with due consideration of all the relevant facts and circumstances

and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*id.* at 739). Although the parents' rights are significant, the child's needs and rights "must be accorded the greatest weight," and the effect of the relocation on the noncustodial parent's relationship with the children "will remain a central concern" (*id.*). Additional relevant factors "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id.* at 740-741).

Here, the Supreme Court's determination that the plaintiff could relocate with the children was not supported by a sound and substantial basis in the record (*see Matter of Caruso v Cruz*, 114 AD3d at 772), as the plaintiff did not establish by a preponderance of the evidence that the proposed relocation would serve the children's best interests (*see Matter of Tropea v Tropea*, 87 NY2d at 741). The plaintiff's evidence that relocating would enhance her life and the children's lives economically was tenuous at best (*see Rubio v Rubio*, 71 AD3d 862, 863 [2010]), and the court's finding that the plaintiff could become self-supporting and contribute to the children financially if she relocated was thus speculative and not supported by a sound and substantial basis in the record (*see Matter of Caruso v Cruz*, 114 AD3d at 772). Moreover, the relocation would negatively impact the quantity and quality of the children's future contact with the defendant, which weighs against granting relocation in this case (*see Matter of Tropea v Tropea*, 87 NY2d at 741). The defendant presented evidence of his involvement in the children's daily lives, school, and extracurricular activities. If the plaintiff was permitted to relocate with the children to East Hampton, the defendant would no longer be able to see the children midweek or remain involved in their many activities (*see Quinn v Quinn*, 134 AD3d 688, 689 [2015]; *Schwartz v Schwartz*, 70 AD3d 923, 925 [2010]; *cf. Matter of DeCillis v DeCillis*, 128 AD3d 818, 820 [2015]). Finally, the plaintiff did not establish by a preponderance of the evidence that her proposed relocation would enhance the children's lives emotionally or educationally (*see Matter of Tropea v Tropea*, 87 NY2d at 741). Since the plaintiff did not meet her burden to

demonstrate that relocating was in the children's best interests, we reverse the order granting relocation and deny the plaintiff's relocation motion.

In light of the foregoing, we need not reach the defendant's remaining contentions. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.