■ In the Matter of Jhon C. Lopez, Respondent, v Deborah Chasquetti, Appellant. (Proceeding No. 1.) In the Matter of Deborah Chasquetti, Appellant, v Jhon C. Lopez, Respondent. (Proceeding No. 2.) [50 NYS3d 485]—

Appeal by the mother from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered October 21, 2016. The order, after a hearing, granted the father's peti-

tion to modify the custody provisions set forth in an order of custody and visitation dated November 16, 2012, so as to award him sole physical and legal custody of the subject child, and denied the mother's petition to relocate with the child to North Carolina.

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting the father's petition to modify the order of custody and visitation dated November 16, 2012, so as to award him sole physical and legal custody of the subject child, and substituting therefor a provision denying the father's petition, and (2) by deleting the provisions thereof establishing the mother's visitation schedule; as so modified, the order is affirmed, without costs or disbursements.

The parties, who were never married, lived together with the subject child in New Rochelle. The parties eventually separated, and the child continued to reside with the mother. In an order of custody and visitation dated November 16, 2012, the parties were awarded joint legal custody of the child and the mother was awarded primary physical custody, while the father was awarded a liberal visitation schedule. The father regularly and consistently exercised his visitation rights. In March 2014, the father filed a petition to modify the November 16, 2012, order of custody and visitation so as to award him sole legal and physical custody of the child. In his petition, the father alleged that the mother had gotten married, and that she expressed to him an intent to relocate to North Carolina with the child to live with her husband and his two children. Thereafter, the mother filed a petition seeking permission to relocate to North Carolina with the child. After a hearing, the Family Court denied the mother's petition and granted the father's petition. The mother appeals.

The Family Court properly determined that the mother failed to establish, by a preponderance of the evidence, that a proposed relocation to North Carolina would serve the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *cf. Matter of Davis v Ogden*, 109 AD3d 539 [2013]; *Miller v Pipia*, 297 AD2d 362 [2002]). The court considered and gave appropriate weight to all of the relevant factors, including, but not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and each parent, the impact of the move on the quantity and quality of the child's future contact with the father, the degree to which the mother's and child's lives might be enhanced economically, emotionally, and educationally by the move, and

the feasability of preserving the relationship between the father and child through suitable visitation arrangements (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Hirtz v Hirtz*, 108 AD3d 712 [2013]; *Matter of McBryde v Bodden*, 91 AD3d 781 [2012]). The mother failed to prove that her life and the child's life would be enhanced economically, emotionally, and educationally by the move (*cf. Matter of Yu Chao Tan v Hong Shan Kuang*, 136 AD3d 933 [2016]; *see generally Matter of Perau v Ross*, 106 AD3d 1013 [2013]; *Matter of Karen H. v Maurice G.*, 101 AD3d 1005 [2012]). Furthermore, the evidence adduced at the hearing demonstrated that the father has faithfully exercised his visitation rights, and has fully participated in the child's life (*see Matter of Radford v Propper*, 190 AD2d 93 [1993]). The impact of a move on the relationship between the child and the noncustodial parent is a central concern (*see Matter of Carter v Carter*, 111 AD3d 715 [2013]; *Matter of Hirtz v Hirtz*, 108 AD3d at 713; *Matter of Eddington v McCabe*, 98 AD3d 613 [2012]; *Matter of Retamozzo v Moyer*, 91 AD3d 957 [2012]). The mother has failed to establish that the proposed move would not have a negative impact on the quantity and quality of the child's future contact with the father (*see DeFilippis v DeFilippis*, 146 AD3d 750 [2017]).

A party seeking modification of an existing custody arrangement must show the existence of a change in circumstances such that modification is required to ensure the continued best interests of the child (*see Matter of Sparacio v Fitzgerald*, 73 AD3d 790 [2010]; *Matter of Russell v Russell*, 72 AD3d 973 [2010]; *Trinagel v Boyar*, 70 AD3d 816 [2010]). Those best interests are determined by a review of all of the relevant circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Ross v Ross*, 96 AD3d 856 [2012]). The hearing court's determination will not be upheld where it lacks a sound and substantial basis in the record (*see Matter of Moran v Cortez*, 85 AD3d 795, 796-797 [2011]; *Matter of Sparacio v Fitzgerald*, 73 AD3d at 791; *Matter of Marrero v Centeno*, 71 AD3d 771, 773 [2010]).

Here, the Family Court's determination awarding the father sole legal and physical custody of the child lacked a sound and substantial basis in the record (*see Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737 [2012]; *Matter of Russell v Russell*, 72 AD3d at 974-975). In particular, since the mother has not yet moved to North Carolina and the father failed to show that he has been denied access to the child at any time, the father failed to establish a change of circumstances since the initial custody determination (*cf. Matter of Lodge v Lodge*, 127 AD3d

1521 [2015]; *Matter of Dickinson v Dickinson*, 309 AD2d 994 [2003]). Furthermore, the court failed to give sufficient weight to the fact that the mother had been the child's primary caregiver for his entire life, and there was no evidence that the mother has been anything but a devoted mother (*see Matter of Caruso v Cruz*, 114 AD3d 769 [2014]). Since the father failed to establish that circumstances had so changed since the initial custody determination that a modification of the existing custody arrangement was necessary to ensure the continued best interests of the child, his petition should have been denied (*see Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737 [2012]). Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.