█ In the Matter of MORENIKE NOLAN, Appellant, v MICHAEL RENDA, Respondent. [51 NYS3d 603]—

Appeal by the mother from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered October 22, 2015. The order, insofar as appealed from, after a hearing, denied the mother's petition, in effect, to modify the parties' judgment of divorce so as to award her sole custody of the subject children or, in the alternative, to prevent the father from relocating with the subject children to Florida.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married and have two children together. After the parties separated and the mother relocated to North Carolina, the father petitioned for sole custody of the children, which was granted by the Family Court in July 2012. The July 2012 custody order provided for liberal unsupervised visitation between the mother and the children, including during holidays and over the summers and for daily telephone and weekly video communication between each parent and the children when the children were with the other parent. The parties were divorced by a judgment dated November 22, 2013, which

incorporated, but did not merge, the terms of the July 2012 custody order, as well as a stipulation between the parties increasing the mother's visitation time over the summers.

In August 2013, the father notified the mother of his intention to relocate with the children to Florida. In February 2014, the mother relocated to New York and filed a petition seeking a modification of the judgment of divorce so as to award her sole custody of the children or, in the alternative, to prevent the father from relocating to Florida with the children. Thereafter, in June 2014, the mother moved by order to show cause seeking, inter alia, to enjoin the father's relocation with the children. The mother's request for a stay of the relocation was initially granted by the Family Court, but later vacated. A hearing on the mother's petition was then held after the father and children had relocated to Florida. Following the hearing, the court denied the mother's petition. The mother appeals.

Where modification of an existing custody arrangement is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the children (*see Matter of Scott v Powell*, 146 AD3d 964, 965 [2017]; *Matter of Lao v Gonzales*, 130 AD3d 624, 624-625 [2015]; *Matter of Lombardi v Valenti*, 120 AD3d 817, 818 [2014]; *Matter of Cisse v Graham*, 120 AD3d 801, 801 [2014], *affd* 26 NY3d 1103 [2016]; *Abbott v Abbott*, 96 AD3d 887, 888 [2012]). When the modification requested relates to the relocation of the children, the court must consider the relocation " 'on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the [children]. While the respective rights of the custodial and noncustodial parents are unquestionably significant factors that must be considered . . . it is the rights and needs of the children that must be accorded the greatest weight' " (*Abbott v Abbott*, 96 AD3d at 888 [internal quotation marks omitted], quoting *Matter of McBryde v Bodden*, 91 AD3d 781, 781-782 [2012]; *see Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]; *Miller v Pipia*, 297 AD2d 362, 365-366 [2002]).

In considering the issue of relocation, the court must determine "whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *see Matter of Caruso v Cruz*, 114 AD3d at 771; *Matter of Davis v Ogden*, 109 AD3d 539, 539 [2013]; *Miller v Pipia*, 297 AD2d at 365-366). The factors to be considered "include,

but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741). The court's determination as to the relocation of the children must be supported by a sound and substantial basis in the record (*see Matter of Caruso v Cruz*, 114 AD3d at 771-772).

Here, a sound and substantial basis supported the Family Court's determination, and the father established that the relocation to Florida was in the best interests of the children (*see Matter of Caruso v Cruz*, 114 AD3d at 772; *Matter of Hamed v Hamed*, 88 AD3d 791, 792 [2011]).

The mother's remaining contentions are without merit. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.