■ In the Matter of KYRIE TEEL, Appellant, v DERRICK MINUS, Respondent. [59 NYS3d 99]—

Appeal by the mother from an order of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated March 29, 2016. The order, after a hearing, denied the mother's petition for permission to relocate with the parties' child to New Jersey.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father, who never married each other, have one child together, born in 2010, and they both resided, separately, in Staten Island. The mother had residential custody of the child, and the father had mid-week and weekend visitation. In January 2014, the mother filed a petition for permission to relocate with the child from Staten Island to New Jersey. After a hearing, the Family Court denied the mother's petition. The mother appeals.

"A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (*Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]; *see Matter of Ventura v Huggins*, 141 AD3d 600, 601 [2016]; *Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740 [1996]; *see Matter of Hall v Hall*, 118 AD3d 879, 880 [2014]). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741; *see Matter of Ventura v Huggins*, 141 AD3d at 600; *Matter of Hall v Hall*, 118 AD3d at 880-881). The court's determination as to the relocation of a child must be supported by a sound and

substantial basis in the record (see Matter of Caruso v Cruz, 114 AD3d at 771-772).

Here, the Family Court's determination to deny the mother's petition for permission to relocate is supported by a sound and substantial basis in the record (see Matter of Francis-Miller v Miller, 111 AD3d at 635; cf. Matter of Caruso v Cruz, 114 AD3d at 772; Matter of Hamed v Hamed, 88 AD3d 791, 792 [2011]). The record demonstrated that not only would relocation have a negative impact on the relationship between the child and the father, but the child's life would not be meaningfully enhanced economically, emotionally, or educationally by the move (see Matter of Tropea v Tropea, 87 NY2d at 740; Matter of Ventura v Huggins, 141 AD3d at 601). Hall, J.P., Roman, Cohen and Barros, JJ., concur.