Matter of Boyd v Ivory (2018 NY Slip Op 02457)





Matter of Boyd v Ivory


2018 NY Slip Op 02457


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-10094
 (Docket No. V-2930-14/16A)

[*1]In the Matter of Lakia Boyd, respondent, 
v
Jason Ivory, appellant.


Tennille M. Tatum-Evans, New York, NY, for appellant.
Mark Brandys, New York, NY, for respondent.
Linda C. Braunsberg, Staten Island, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Alison M. Hamanjian, Ct. Atty. Ref.), dated August 25, 2016. The order, after a hearing, granted the mother's petition to modify the parties' so-ordered stipulation of settlement pertaining to custody and visitation so as to permit her to relocate to North Carolina with the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, have one child together, born in 2009. After the child was born, the parties lived together until they separated in 2013. In May 2015, the parties entered into a so-ordered stipulation of settlement in which they agreed that the mother would have sole legal custody of the child with visitation to the father. In January 2016, the mother filed a petition to modify the stipulation so as to permit her to relocate to North Carolina with the child. The attorney for the child supported the mother's petition. After a hearing, the Family Court granted the mother's petition. The father appeals.
" A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Ventura v Huggins, 141 AD3d 600, 600; Matter of Caruso v Cruz, 114 AD3d 769, 771). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d 727, 740). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (id. at 740-741; see Matter of Hall v Hall, 118 AD3d 879, 880-881).
Here, the Family Court's determination that relocation was in the best interests of the [*2]child was supported by a sound and substantial basis in the record. The mother's testimony, which the court credited, demonstrated that relocation would enhance the child's life economically, emotionally, and educationally, and that the child's relationship with the father could be preserved through a liberal visitation schedule including, but not limited to, frequent communication and extended summer and holiday visits (see Matter of Tropea v Tropea, 87 NY2d at 740-741).
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court