Matter of Matsen v Matsen (2018 NY Slip Op 03836)





Matter of Matsen v Matsen


2018 NY Slip Op 03836


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-07042
 (Docket Nos. V-5145-16, V-5146-16, V-5856-16, V-5857-16, V-848-17, V-849-17)

[*1]In the Matter of Drew W. Matsen, respondent, 
v
Megan E. Matsen, appellant.


Kelley M. Enderley, P.C., Poughkeepsie, NY, for appellant.
Jonna Spilbor Law, Poughkeepsie, NY (Anthony C. Cillis of counsel), for respondent.
Gary E. Eisenberg, New City, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated June 28, 2017. The order, insofar as appealed from, after a hearing, denied the mother's petition for permission to relocate with the parties' children to Ridgefield, Connecticut, denied the mother's separate petition alleging that the father violated the parties' stipulation of settlement as incorporated into the judgment of divorce, and granted, in part, the father's petition to modify the judgment of divorce so as to award him sole legal and physical custody of the children.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the mother's petition for permission to relocate with the parties' children to Ridgefield, Connecticut, and substituting therefor a provision granting that petition, and (2) by deleting the provision thereof granting, in part, the father's petition to modify the judgment of divorce so as to award him sole legal and physical custody of the children, and substituting therefor a provision denying the father's petition in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, to establish, with all convenient speed, an appropriate physical access schedule for the father in accordance herewith.
The mother and the father are the parents of two children, who are now seven and five years old, respectively. The parties were divorced by judgment entered June 3, 2016, which incorporated, but did not merge, a stipulation of settlement entered into by the parties in May 2016. The stipulation provided, in relevant part, that the parties would share joint legal custody of the children, with physical custody of the children to the mother and frequent physical access to the father, and that the party with whom the children did not have physical access would have daily private, uninterrupted telephone, FaceTime, or Skype calls with the children. The parties also agreed that they would not move more than 40 miles away from each other's residence in Millbrook, New [*2]York.
In October 2016, the father filed a petition to modify the judgment of divorce so as to award him sole legal and physical custody of the children on the grounds that the mother notified him that she intended to relocate with the children the following June to Ridgefield, Connecticut, to live with her fiancé. The proposed relocation exceeded the 40-mile limitation to which the parties had agreed and would make compliance with the existing physical access schedule impossible. Thereafter, the mother filed a petition for permission to relocate with the children to Ridgefield and a separate petition alleging that the father had violated the custody arrangement by interfering with her calls with the children.
Following a hearing on the petitions, the Family Court denied the mother's petitions and granted the father's petition to the extent of directing, inter alia, that sole custody of the children would be transferred to the father in the event the mother relocated to Ridgefield or any other location which made the current physical access schedule impracticable. The mother appeals.
"A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Caruso v Cruz, 114 AD3d 769, 771; see Matter of Tropea v Tropea, 87 NY2d 727, 741; Matter of DeCillis v DeCillis, 128 AD3d 818, 819; Matter of Doyle v Debe, 120 AD3d 676, 680). The court must consider factors that include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the children and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent, the degree to which the custodial parent's and children's lives may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and children through suitable physical access arrangements (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Boyd v Ivory, _____ AD3d _____, 2018 NY Slip Op 02457 [2d Dept 2018]; Matter of DeCillis v DeCillis, 128 AD3d at 820; Matter of Doyle v Debe, 120 AD3d at 679-680; Matter of Caruso v Cruz, 114 AD3d at 771). While an agreement of the parties is a factor for consideration, "[n]o agreement of the parties can bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child's best interest" (Friederwitzer v Friederwitzer, 55 NY2d 89, 95; see Matter of Gravel v Makrianes, 120 AD3d 815, 816-817; Matter of Shannon J. v Aaron P., 111 AD3d 829, 830; Rheingold v Rheingold, 4 AD3d 406).
The court must consider a relocation request on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the children. While the respective rights of the custodial and noncustodial parents are unquestionably significant factors that must be considered, it is the rights and needs of the children that must be accorded the greatest weight (see Matter of Tropea v Tropea, 87 NY2d at 739; Matter of Caruso v Cruz, 114 AD3d at 771; Matter of Abbott v Abbott, 96 AD3d 887, 888; Matter of McBryde v Bodden, 91 AD3d 781, 781-782). The Family Court's credibility determinations are entitled to deference, but "this Court's authority is as broad as that of the hearing court, and a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record" (Matter of DeCillis v DeCillis, 128 AD3d at 820 [internal quotation marks omitted]; see Matter of Doyle v Debe, 120 AD3d at 680; Matter of Caruso v Cruz, 114 AD3d at 771-772).
Here, the Family Court's determination that the children's best interests would not be served by relocating with the mother to Ridgefield is not supported by a sound and substantial basis in the record. Contrary to the court's conclusion, the mother's testimony did not show that her sole motivation for the relocation was to ease her fiancé's commute. Rather, the evidence demonstrated that the mother also considered the educational and social opportunities for the children, her fiancé's inability to move the businesses he ran in Norwalk, Connecticut, and the feasibility of frequent physical access with the father following the relocation.
The evidence demonstrated that both parents have a good relationship with the [*3]children and were involved in their educational and recreational activities. The father did not dispute that the children's educational and social opportunities would be greatly enhanced by the move to Ridgefield. Although the parties agree that the distance of the relocation would impact the father's current physical access schedule, the father's work schedule is flexible, which should afford him the opportunity to participate in the children's activities. Further, the mother planned to work, at most, part time after the move, while she had been working full time in Millbrook. Her increased availability would allow her to better facilitate the children's physical access with the father. In addition, the father will continue to have daily telephone, FaceTime, or Skype calls with the children during the times that the father does not have physical access. A liberal physical access schedule will allow for the continuation of a meaningful relationship between the father and the children (see Matter of Clarke v Boertlein, 82 AD3d 976, 978).
Accordingly, the Family Court should have granted the mother's petition for permission to relocate with the children to Ridgefield (see Matter of Tropea v Tropea, 87 NY2d 727; Matter of DeCillis v DeCillis, 128 AD3d at 820-821; Matter of Caruso v Cruz, 114 AD3d at 772) and denied the father's petition to modify the judgment of divorce so as to award him sole legal and physical custody of the children in its entirety.
We agree with the Family Court's determination denying the mother's petition alleging that the father violated the parties' stipulation of settlement as incorporated into the judgment of divorce. Contrary to the mother's contention, she failed to establish that the father willfully violated a clear and unequivocal mandate of the court pertaining to her calls with the children (see Matter of Wright v McIntosh, 125 AD3d 679, 680; Matter of Terry v Oliver, 63 AD3d 1079, 1080).
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court