Matter of Lyons v Sepe (2018 NY Slip Op 05042)





Matter of Lyons v Sepe


2018 NY Slip Op 05042


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-08975
 (Docket Nos. V-3796-10/17C, V-3796-10/17D)

[*1]In the Matter of Jessica Lyons, appellant, 
v
Nicholas Sepe, respondent.


Francesco P. Tini, Copiague, NY, for appellant.
Phillips, Artura & Cox, Lindenhurst, NY (Michael S. Cox of counsel), for respondent.
Rachel A. Camillery, West Islip, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated August 30, 2017. The order, after a hearing, denied the mother's petition to modify an order of the same court dated January 16, 2014, so as to permit her to relocate with the parties' child to Rochester, and granted the father's petition to modify the same order so as to award him residential custody of the child, and set forth a parental access schedule.
ORDERED that the order is affirmed, with costs.
Jessica Lyons (hereinafter the mother) and Nicholas Sepe (hereinafter the father), who never married each other, have one child together, born in 2007. In an order dated January 16, 2014, the Family Court, Suffolk County, awarded the parties joint legal custody of the child and the mother was awarded residential custody, while the father was awarded parental access with the child. In addition, the order prohibited the mother from relocating beyond a 20-mile radius from her Kings Park residence without the written consent of the father or a court order.
In or about March 2017, the father refused to consent to the mother relocating with the child to the Rochester area. In April 2017, the mother filed a petition to modify the January 16, 2014, order so as to permit her to relocate with the child to the Rochester area. The mother alleged, inter alia, that relocation would be in the child's best interests given an increase in the mother's household income and reduced costs of living, and the child's bond with his half-siblings. In May 2017, the father filed his own petition to modify the January 16, 2014, order so as to award him residential custody of the child, alleging, inter alia, that the proposed relocation of the child would have a detrimental impact on his parental access with the child.
The mother relocated to Pittsford on July 1, 2017. After a hearing held in August 2017, the Family Court denied the mother's petition, granted the father's petition, and set forth a parental access schedule. The mother appeals.
" A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Teel v Minus, 152 AD3d 705, 705, quoting Matter of Caruso v Cruz, 114 AD3d 769, 771; see Matter of Detwiler v Detwiler, 145 AD3d 778, 779). In determining whether relocation is in the best interests of the child, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d 727, 740; see Matter of Teel v Minus, 152 AD3d at 705). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d at 740-741). "[N]o single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (id. at 738). However, the impact of the move on the relationship between the child and the noncustodial parent remains a central concern (see id. at 741; Matter of Francis-Miller v Miller, 111 AD3d 632, 635).
"In relocation proceedings, this Court's authority is as broad as that of the hearing court" (Matter of Caruso v Cruz, 114 AD3d at 771). However, the Family Court's assessment of the witnesses' demeanor and credibility is accorded considerable deference and a relocation determination will be upheld if supported by a sound and substantial basis in the record (see Matter of Detwiler v Detwiler, 145 AD3d at 780; Matter of Ventura v Huggins, 141 AD3d 600, 601).
Here, contrary to the mother's contentions, the record demonstrates that the Family Court, which was familiar with the parties from prior proceedings, appropriately considered and gave suitable weight to all of the relevant factors (see Matter of Tropea v Tropea, 87 NY2d at 740; Matter of Lopez v Chasquetti, 148 AD3d 1151, 1152; Matter of Detwiler v Detwiler, 145 AD3d at 780; Matter of Gravel v Makrianes, 120 AD3d 815, 816). Although the mother proved that the child's life would be enhanced economically, the mother failed to prove by a preponderance of the evidence that the child's life would also be enhanced emotionally and educationally by the move (see Matter of Teel v Minus, 152 AD3d at 706; Matter of Gravel v Makrianes, 120 AD3d at 817). The mother also failed to show that relocation "would not have a negative impact on the quantity and quality of the child's future contact with the father," who had exercised most of his parental access rights and indicated that he desired to continue participating in the child's life (Matter of Lopez v Chasquetti, 148 AD3d at 1153; see Matter of Teel v Minus, 152 AD3d at 706; Matter of Gravel v Makrianes, 120 AD3d at 817; Matter of Karen H. v Maurice G., 101 AD3d 1005, 1007; Matter of McBryde v Bodden, 91 AD3d 781, 782).
In light of the mother's acceptance of a job promotion and relocation to Pittsford, and the adverse impact of the move with respect to the father's parental access with the child, the father demonstrated that there was a sufficient change in circumstances since the initial custody determination such that modification so as to award him residential custody was in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 173-173; Matter of Coon v Sanabria, 158 AD3d 756, 757; Matter of Lopez v Chasquetti, 148 AD3d at 1153; Matter of Detwiler v Detwiler, 145 AD3d at 781; Matter of Cornejo v Salas, 110 AD3d 1068, 1070). While not determinative, this conclusion is consistent also with the position advanced by the attorney for the child both at the hearing and on appeal (see Matter of Cisse v Graham, 120 AD3d 801, 806, affd 26 NY3d 1103; Matter of Kozlowski v Mangialino, 36 AD3d 916, 917).
Moreover, contrary to the mother's contention, the Family Court providently exercised its discretion in crafting the parental access schedule, which was in the best interests of the child and was supported by a sound and substantial basis in the record (see Matter of Morris v Morris, 156 AD3d 702, 704; Chamberlain v Chamberlain, 24 AD3d 589, 592). In addition, the record "demonstrates that the parties are not so antagonistic, embattled, and unable to set aside their differences that they cannot" agree on additional parental access time that would be in the best interests of the child (Matter of Retamozzo v Moyer, 91 AD3d 957, 959).
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court