Matter of Barker v Rohack (2019 NY Slip Op 05126)





Matter of Barker v Rohack


2019 NY Slip Op 05126


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-12945
 (Docket Nos. V-1795-16/16A, V-1796-16/16A, V-1797-16/16A, V-2094-16/16A, V-2095-16/16A, V-2096-16/16A)

[*1]In the Matter of Georgia Barker, appellant-respondent,
v
John T. Rohack, respondent-appellant. (Proceeding No. 1)
In the Matter of John T. Rohack, respondent-appellant,
v
Georgia Barker, appellant-respondent. (Proceeding No. 2)


Rubin Law, PLLC, New York, NY (Denise A. Rubin of counsel), for appellant-respondent.
Ellen B. Holtzman, Nanuet, NY (Meryl R. Neuren of counsel), for respondent-appellant.
Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, and the father cross-appeals, from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated October 11, 2017. The order, insofar as appealed from, after a hearing, denied the mother's petition to modify the custody and parental access provisions of the parties' judgment of divorce so as to permit her to relocate to Pennsylvania with the parties' children. The order, insofar as cross-appealed from, denied that branch of the father's petition which was to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the children should the mother remain in New York, and modified the parental access provisions of the judgment of divorce by reducing the father's midweek parental access with the children to "one overnight per week on Tuesdays" and changing the end time for the father's alternate weekend parental access from 7:00 p.m. on Sundays to 6:00 p.m. on Sundays.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof modifying the parental access provisions of the judgment of divorce by changing the end time for the father's alternate weekend parental access from 7:00 p.m. on Sundays to 6:00 p.m. on Sundays; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In November 2014, the parties executed a stipulation that was incorporated, but not merged, into their judgment of divorce. Pursuant to the stipulation, the parties agreed that the mother [*2]would have sole legal and physical custody of the children, that the father would have parental access with the children, inter alia, on Tuesdays through Thursdays and on alternating weekends from 2:30 p.m. on Fridays through 7:00 p.m. on Sundays, and that the mother was to reside within a "reasonable radius" of her residence in Pearl River, New York, "[t]o facilitate the . . . parenting schedule."
In July 2016, the mother filed a petition to modify the custody and parental access provisions of the parties' judgment of divorce so as to permit her to relocate to Pennsylvania with the children. Thereafter, the father filed a petition to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the children based upon the mother's plan to relocate to Pennsylvania.
In an order dated August 11, 2017, made after a hearing, the Family Court, among other things, denied the mother's relocation petition, denied that branch of the father's petition which was to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the children should the mother remain in New York, and modified the parental access provisions of the judgment of divorce by reducing the father's midweek parental access with the children to "one overnight per week on Tuesdays," with an additional dinner visit, and changing the end time for the father's alternate weekend parental access from 7:00 p.m. on Sundays to 6:00 p.m. on Sundays. The mother appeals, and the father cross-appeals.
" A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Matsen v Matsen, 161 AD3d 1157, 1158, quoting Matter of Caruso v Cruz, 114 AD3d 769, 771; see Matter of Tropea v Tropea, 87 NY2d 727, 741). "In determining whether relocation is appropriate, the court must consider a number of factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential economic, emotional, and educational enhancement to the lives of the custodial parent and the child due to the move, and each parent's motives for seeking or opposing the move" (Matter of Feery v Feury, 168 AD3d 729, 730; see Matter of Tropea v Tropea, 87 NY2d at 740-741). "In assessing these factors,
 no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome,'" but " the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern'" (Matter of Carr v Thomas, 169 AD3d 903, 904, quoting Matter of Tropea v Tropea, 87 NY2d at 738-739). "The weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved," and "deference is accorded to the Family Court's findings in this regard" (Matter of Feery v Feury, 168 AD3d at 730; see Eschbach v Eschbach, 56 NY2d 167, 173-174).
Here, contrary to the mother's contention, the record demonstrates that the Family Court appropriately considered and gave suitable weight to all of the relevant factors (see Matter of Tropea v Tropea, 87 NY2d at 740; Matter of Lyons v Sepe, 163 AD3d 567, 569; Matter of Lopez v Chasquetti, 148 AD3d 1151, 1152). The mother failed to establish that the proposed move would not have a negative impact on the quantity and quality of the children's contact with the father (see Matter of Lyons v Sepe, 163 AD3d at 569; Matter of Lopez v Chasquetti, 148 AD3d at 1153; DeFilippis v DeFilippis, 146 AD3d 750, 751; Matter of Karen H. v Maurice G., 101 AD3d 1005, 1007). The mother also failed to prove by a preponderance of the evidence that the children's lives would be enhanced emotionally or educationally by the proposed move (see Matter of Lyons v Sepe, 163 AD3d at 569; DeFilippis v DeFilippis, 146 AD3d at 751; Matter of McBryde v Bodden, 91 AD3d 781, 782). Accordingly, we agree with the Family Court's determination to deny the mother's petition to modify the custody and parental access provisions of the judgment of divorce so as to permit her to relocate to Pennsylvania with the children.
We also agree with the Family Court's determination to deny that branch of the father's petition which was to modify the custody provisions of the judgment of divorce so as to award him sole custody of the children should the mother remain in New York. "The modification of an existing custody arrangement is permissible upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare [*3]of the child" (Matter of Lallas v Bolin, 162 AD3d 1029, 1030; see Eschbach v Eschbach, 56 NY2d 167). While "[t]here is no prima facie right to the custody of the child in either parent" (Matter of Gottfried v Gottfried, 163 AD3d 966, 966), "[p]riority in custody disputes should usually be given to the parent who was first awarded custody by the court or by voluntary agreement because this policy assures stability in the child's life" (Matter of Nevarez v Pina, 154 AD3d 854, 855 [internal quotation marks omitted]). "Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings, and its findings will not be disturbed unless lacking a sound and substantial basis in the record" (Matter of Gottfried v Gottfried, 163 AD3d at 967). Here, contrary to the father's contention, the record supports the court's determination that it was in the best interests of the children to remain in the custody of their mother if she remains in New York (see Matter of Lopez v Chasquetti, 148 AD3d at 1154; cf. Matter of Ruiz v Spinnelli, 162 AD3d 673, 673-674).
Insofar as the Family Court modified, without explanation, the parental access provisions of the judgment of divorce by changing the end time for the father's alternate weekend parental access from 7:00 p.m. on Sundays to 6:00 p.m. on Sundays, we delete that portion of the order.
Under the circumstances presented, we decline to disturb the Family Court's determination to reduce the father's midweek parental access with the children to "one overnight per week on Tuesdays," with an additional dinner visit.
The father's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court